LaMonica Herbst & Maniscalco, LLP  Hearing Date: July 2, 2019 at 10:00 a.m.
3305 Jerusalem Avenue, Suite 201  Objections Due: June 25, 2019
Wantagh, New York 11793
(516) 826-6500
Adam P. Wofse, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:

DURR MECHANICAL CONSTRUCTION, INC.

                Debtor.

Chapter 11

Case No. 18-13968-SMB

------------------------------------------------------------X

### NOTICE OF HEARING OF CHAPTER 11 DEBTOR'S MOTION FOR ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. § 1121(d), EXTENDING THE EXCLUSIVE TIME PERIODS DURING WHICH THE DEBTOR MAY FILE A PLAN AND SOLICIT ACCEPTANCES THERETO

**PLEASE TAKE NOTICE,** that on July 2, 2019 at 10:00 a.m., or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, Southern District of New York, One Bowling Green, New York, New York 10004-1408, Courtroom 723, on the annexed motion (the "Motion") of Durr Mechanical Construction, Inc., the debtor and debtor in possession (the "Debtor"), by its counsel, LaMonica Herbst & Maniscalco, LLP, seeking entry of an Order, pursuant to section 1121(d) of Title 11 of the United States Code (the "Bankruptcy Code"), extending the exclusive time periods during which the Debtor may file a Chapter 11 plan and solicit acceptances thereto, and granting such other, further and different relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE,** that objections, if any, to the relief requested in the Motion must be in writing, conform with the Bankruptcy Code and the Bankruptcy Rules, state with particularity the grounds thereof and be filed with the Court, with a courtesy copy to

1

the Chambers of the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, and served upon, to as to be received by, LaMonica Herbst & Maniscalco, LLP, 3305 Jerusalem Avenue, Wantagh, New York 11793, attorneys for the Debtor, Attn: Adam P. Wofse, Esq., no later than June 25, 2019 as follows: (a) through the Court's electronic filing system, which may be accessed through the internet at the Court's website at www.nysb.uscourts.gov, in portable document format (PDF) using Adobe Exchange Software for conversion; or (b) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a compact disc in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope. An objection filed by a party with no legal representation shall comply with subsection (b) as set forth in this paragraph.

Dated: June 7, 2019
      Wantagh, New York

**LaMonica Herbst & Maniscalco, LLP**
Attorneys for the Debtor


By:    */s/ Adam P. Wofse*
        Adam P. Wofse, Esq.
        A Partner of the Firm
        3305 Jerusalem Avenue, Suite 201
        Wantagh, New York 11793
        (516) 826-6500

**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
Adam P. Wofse, Esq.

**Hearing Date: July 2, 2019 at 10:00 a.m.**
**Objections Due: June 25, 2019**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:

DURR MECHANICAL CONSTRUCTION, INC.

      Debtor.

------------------------------------------------------------X

Chapter 11

Case No. 18-13968-SMB

**MOTION OF CHAPTER 11 DEBTOR FOR ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. § 1121(d), EXTENDING THE EXCLUSIVE TIME PERIODS DURING WHICH THE DEBTOR MAY FILE A PLAN AND SOLICIT ACCEPTANCES THERETO**

**To: The Honorable Stuart M. Bernstein**
   **United States Bankruptcy Judge**
   **United States Bankruptcy Court**
   **Southern District of New York**

Durr Mechanical Construction, Inc., the debtor and debtor in possession ("Debtor"), by its counsel, LaMonica Herbst & Maniscalco, LLP, hereby submits this motion (the "Motion") seeking entry of an Order, pursuant to section 1121(d) of Title 11 of the United States Code (the "Bankruptcy Code"), extending: (a) the exclusive time period during which the Debtor may file a plan of reorganization (for an additional 30 days) from June 10, 2019 to July 10, 2019; and (b) the exclusive period within which the Debtor may solicit acceptances to a plan of reorganization (for an additional 30 days) from August 9, 2019 to September 9, 2019, and respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this bankruptcy case and the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this bankruptcy case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Bankruptcy Code § 1121(d) and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

4. On December 7, 2018 (the "Filing Date"), the Debtor filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York (the "Court").

5. The Debtor continues to operate and manage its properties and affairs as a debtor and debtor in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

6. A committee of unsecured creditors has not been formed in this case.

7. All monthly operating reports have been filed, and the Debtor is generally current with its post-petition obligations.

8. The deadline to file proofs of claim, other than governmental claims, was April 15, 2019.

9. The Debtor is and was a leader and innovator in the mechanical industry. Its work involves installation, rigging, setting, assembly, alignment and grouting of assorted process and power equipment including electric or steam driven compressors, ACC's, HRSG's turbines, pumps, heat exchangers, boilers, tanks, heaters and packaged HVAC systems. The Debtor's

work scope also includes the installation and testing of instruments, controls and apparatus associated with power and process systems.

10. The Debtor is presently providing services on one remaining on-going construction project in New York.

11. The Debtor is in a wind down mode which began pre-petition and continues to date.

12. The Debtor has not yet filed a Chapter 11 plan of reorganization (the "Plan") and a disclosure statement for the reasons set forth herein. The DIP Lender and the secured creditors (the two banks and the IRS) have consented to the request for the extension sought herein.

13. The Debtor filed for bankruptcy protection in order to, *inter alia,* reorganize its financial affairs and preserve its assets and the value thereof.

14. Soon after the Filing Date, the Debtor spent much of the early administration of this case stabilizing its operations and addressing critical bankruptcy case needs. To this end, the Debtor, through its counsel, negotiated for the use of cash collateral and obtained DIP financing from its surety, Zurich American Insurance Company ("the "DIP Lender"). Moreover, the Debtor obtained stay relief in order to fully proceed with the prosecution of certain affirmative claims (in arbitration and mediation)[1]. Additionally, the Debtor rejected its main premises lease, in continuing the wind down of its affairs.

15. In the recent past and continuing to date, the Debtor has been and is exploring additional financing from its other surety (Chubb) and other sources, with a goal of providing the

---

[1] The Debtor's affirmative claims (the "Affirmative Claims") seek damages in the aggregate sum of $122.2 million owed to the Debtor by (a) Enexio US, LLC ("Enexio"), (b) PSEG Fossil, LLC ("PSEG"), and (c) New York City Department of Environmental Protection ("NYC-DEP").

Debtor with appropriate capital to complete its last construction job and litigation claim support to obtain maximum recoveries relating to the Affirmative Claims. Most significantly, with respect to the Affirmative Claims, the arbitration case against Enexio has concluded, and an award (the "Arbitration Award") was issued by the arbitration panel on April 24, 2019, in the total amount of $9,590,433.15, plus certain applicable interest and costs. Pursuant to the Arbitration Award, Enexio is to pay the Arbitration Award by June 24, 2019. As set forth in prior pleadings and proceedings held herein, the receipt of the Arbitration Award will provide the Debtor with much needed additional financial support and allow for payment of certain secured claims and other debts. With respect to the litigation against PSEG, the case is presently in active mediation, with additional written submissions being submitted today through special counsel, and additional mediation sessions to soon follow. Lastly, with respect to the Debtor's NYC-DEP project and claims, the final phase of the job is anticipated to be performed by the Debtor by mid-September, and Rule 2004 discovery with the City is underway and ongoing, respectively.

16. The Debtor anticipates remaining current with post-petition expenses, including quarterly fees due to the United State Trustee, during the administration of the case.

17. The litigation of the Affirmative Claims will form the crux of the Debtor's Plan. Therefore, based upon the foregoing, the Debtor prefers and requests the additional short period of time to allow for the Enexio award to be received, as well as for the Debtor to continue to examine the approximate 200 claims filed in this case, in order to formulate the most developed version of the Plan as possible. As stated above, the Debtor's DIP lender and secured creditors have consented to this extension of time. Thus, it is in the best interests of the Debtor's estate and its creditors to extend the exclusive Plan periods as requested herein.

18. The deadline to file proofs of claim against the Debtor's estate (the "Bar Date") was April 15, 2019. The Debtor and its counsel have commenced the claims review and analysis process.

## **RELIEF REQUESTED AND BASIS THEREFOR**

19. Based upon the foregoing, the Debtor wishes to preserve its exclusive opportunity to file a Chapter 11 Plan and solicit acceptances for such Plan, for an additional 30 days.

20. Under Bankruptcy Code § 1121(b), a Chapter 11 debtor is granted the exclusive right to file a plan of reorganization for the first 120 days after entry of the order for relief under Chapter 11. 11 U.S.C. § 1121(b). Meanwhile, under Bankruptcy Code § 1121(c)(3), a Chapter 11 debtor is granted the exclusive right to solicit acceptances of a proposed plan of reorganization for the first 180 days after entry of the order for relief under Chapter 11. 11 U.S.C. § 1121(c)(3).

21. Here, the Debtor seeks an extension of: (a) the exclusive time period during which the Debtor may file a plan, under Bankruptcy Code § 1121(b), for an additional 30 days, from June 10, 2019 to July 10, 2019; and (b) the exclusive period within which the Debtor may solicit acceptances to a plan, under Bankruptcy Code § 1121(c)(3), for an additional 30 days, from August 9, 2019 to September 9, 2019 (collectively, the "Exclusive Periods").

22. This is the Debtor's second request for a short extension of the Exclusive Periods. The Debtor has generally been paying its debts as they come due during the post-petition period, and has timely filed its monthly operating reports. The Debtor is also current on payments of quarterly fees to the United States Trustee. The Debtor believes that it will make meaningful progress in this case concerning the wind down of its business and litigation of the Affirmative Claims, the latter of which will form the foundation of the Plan. The case has only been pending

for six (6) months and the additional time requested is critically necessary to permit the Debtor to complete and continue with the above-mentioned tasks in an orderly and prudent manner.

23. Pursuant to Bankruptcy Code § 1121(d), a Chapter 11 debtor is permitted to seek an extension of the Exclusive Periods for "cause". 11 U.S.C. § 1121(d) (outlining certain limitations on extensions of Exclusive Periods which limitations are not applicable to the relief sought herein). "Cause" under section 1121(d) is not defined and it is generally understood that the Exclusive Periods are not intended to be set in stone; rather, Congress intended that the Exclusive Periods be of adequate length, given the circumstances, for a Chapter 11 debtor to formulate, negotiate, draft, file, and solicit acceptances of a consensual plan. See In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409 (E.D.N.Y. 1989) ("The 'cause' standard referred to in Section 1121 has been referred to as a general standard that allows the Bankruptcy Court maximum flexibility to suit various types of reorganization proceedings." (quotation and citation omitted)); In re Amko Plastics, Inc., 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996) (noting that Congress intended courts to have flexibility in dealing with extensions of exclusivity (citations omitted)).

24. With flexibility in mind, "[t]he determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity." In re Borders Grp., Inc., 460 B.R. 818, 821–22 (Bankr. S.D.N.Y. 2011) ((citations omitted); see Gibson & Cushman Dredging, 101 B.R. at 407 ("Section 1121 grants the Bankruptcy Court discretion, upon the request of a party in interest and a finding of 'cause,' to reduce or increase the debtor's period of exclusivity." (citing 11 U.S.C. § 1121(d)).

25. In making this determination, the Court should consider the following factors:

(a) the size and complexity of the case; (b) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate

6

information; (c) the existence of good faith progress toward reorganization; (d) the fact that the debtor is paying its bills as they become due; (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (f) whether the debtor has made progress in negotiations with its creditors; (g) the amount of time which has elapsed in the case; (h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and (i) whether an unresolved contingency exists.

Id. at 822 (citation omitted). Here, to the extent applicable, these factors support extending the Exclusive Periods in order to allow the Debtor additional time to propose a Plan of reorganization and solicit acceptances of such Plan.

26. Although this case is not overly complex, the Debtor does require additional time to deliberate upon and formulate its course of action in order to implement the most sensible Plan of reorganization, and allow the case and critical aspects thereof to further develop. As stated above, the Plan will revolve around the litigation of the Affirmative Claims. Now that the receipt of the Enexio award is imminent, the Debtor, with the consent of the DIP lender[2] and secured creditors, seeks this short extension of time of the plan exclusive periods.

27. Overall, the facts and circumstances of this case present sufficient cause for extending the Exclusive Periods pursuant to Bankruptcy Code § 1121(d). Accordingly, the Debtor respectfully requests that this Court extend the Debtor's time to file a proposed Chapter 11 Plan and to solicit acceptances of such Plan for 30 days as set forth herein.

## **NOTICE AND NO PRIOR REQUEST**

28. Notice of this Motion is being provided to: (a) the Office of the United States Trustee; (b) all creditors, including the taxing authorities; and (c) all parties who have filed a notice of appearance in this case. In light of the nature of the relief requested herein, the Debtor

---

[2] It is anticipated that the Debtor and the DIP Lender will be submitting forthwith an amended DIP loan agreement, extending the deadline therein for the Debtor to file its Plan.

7

submits that no other or further notice need be provided. No previous request for the relief sought herein has been made to this or any other court.

**WHEREFORE,** the Debtor respectfully requests entry of an Order extending: (a) the exclusive time period during which the Debtor may file a Plan, under Bankruptcy Code § 1121(b), for an additional 30 days, from June 10, 2019 to July 10, 2019; (b) the exclusive period within which the Debtor may solicit acceptances to a Plan, under Bankruptcy Code § 1121(c)(3), for an additional 30 days, from August 9, 2019 to September 9, 2019; and (c) granting such other, further, and different relief as this Court deems just and proper.

Dated: June 7, 2019
     Wantagh, New York     **LaMonica Herbst & Maniscalco, LLP**
                                          Attorneys for the Debtor

By:   */s/ Adam P. Wofse*
       Adam P. Wofse, Esq.
       A Partner of the Firm
       3305 Jerusalem Avenue, Suite 201
       Wantagh, New York 11793
       (516) 826-6500

M:\Documents\Company\Cases\Durr Mechanical Construction, Inc\Motion extend exclusivity\second NOH w motion exclusivity.doc

8