UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | Chapter 11 |
|---|---|
| | Case No. 18-13968(SMB) |
| DURR MECHANICAL CONSTRUCTION, INC. | **STIPULATION AND ORDER REGARDING CLAWBACK AGREEMENT** |
| Debtor. | |

Subject to the Court's approval, Durr Mechanical Construction, Inc. ("Durr"), the debtor in the above-captioned bankruptcy matter (this "Proceeding"), and the City of New York (the "City"), a non-party, hereby stipulate to the following clawback order and the procedures set forth herein for addressing the clawback of privileged, protected, and personally identifiable information and material. This Order shall be interpreted to provide the maximum protection allowed by Rule 502(d) of the Federal Rules of Evidence, Rule 26(c) of the Federal Rules of Civil Procedure and any other applicable law; and shall specifically exclude the application of FRCP 502(b) to any Clawback Demand and/or Protected Material, as defined herein, requested under this Order.

1. This Stipulation and Order shall be applicable to and govern all documents produced by the City in response to Durr Bankruptcy Rule 2004 discovery in this Proceeding ("Rule 2004 Discovery").

2. The City's production or disclosure in this Proceeding of Rule 2004 Discovery information or material that contains personally identifiable information, and/or that is protected by any privilege or protection recognized by law (collectively, "Protected Material"), whether

inadvertent or otherwise, shall not constitute or be deemed a waiver of any claim of privilege or protection applicable to that material or its subject matter in this Proceeding or any other federal or state proceeding, and shall be governed by the procedures set forth herein.

*Clawback Demand by Producing Party*

3. The City (the "Producing Party"), or any other non-party purporting to hold a privilege, may notify Durr (the "Receiving Party") in writing that it has disclosed Protected Material without intending a waiver by the disclosure, and demand that such Protected Material be returned or destroyed (the "Clawback Demand"). Such Clawback Demand shall be made after the Producing Party discovers that the Protected Material was produced or disclosed and shall specifically identify the Protected Material to be returned or destroyed (including the Bates number of the document, or if no Bates number appears on the document, sufficient information to identify the document or information). Within ten (10) business days of any Clawback Demand, the Producing Party shall also provide a categorical privilege log in a form agreed upon between the parties for the Rule 2004 Discovery, which shall at a minimum include: the time and date, if any, of the identified Protected Material, the author(s) and addressee(s), if any, of the Protected Material, including persons "cc'd" thereon, the general subject matter of the identified Protected Material and the specific basis for the claim of privilege or protection from disclosure. If the Clawback Demand only applies to a document in part, the Producing Party shall instead provide a redacted version of all such documents identified in the clawback demand, with any privilege assertion imposed over the redaction.

*Receiving Party to Immediately Cease Inspection, Use and/or Disclosure where indicia of Protected Material exists*

4.  Prior to receipt of any relevant Clawback Demand, the Receiving Party, upon identifying a document or information produced by the Producing Party pursuant to Rule 2004 Discovery that may or appears to be Protected Material, shall (i) immediately notify the Producing Party in writing of its receipt of the potentially Protected Material, including the Bates number of the document, or if no Bates number appears on the document, sufficient information to identify the document so that the Producing Party may make a Clawback Demand; and (ii) cease any inspection, use, or disclosure of the Protected Material, and of any work product, analyses, memoranda, or notes that were generated by the Receiving Party (and/or Receiving Party's consultants, experts, and/or agents) based upon such Protected Material. Any Clawback Demand from the Producing Party in response to receipt of written identification from the Receiving Party of potentially Protected Material pursuant to this paragraph shall be sent to the Receiving Party within fifteen (15) business days of receipt of identification of the potentially Protected Material, or, failing which and barring any extenuating circumstances which would warrant extending the time to assert a claw-back demand, any claim of Protected Material status to such materials or information will be deemed to have been waived by the Producing Party.

5.  In the event that the Receiving Party (i) identifies a document or information produced by the Producing Party that may or appears to be potentially Protected Material, or (ii) receives a Clawback Demand, regardless of whether the Receiving Party agrees with the claim of personally identifiable information, and/or privilege, the Receiving Party shall immediately cease any inspection, use or disclosure of the identified Protected Material, and of any work product, analyses, memoranda or notes, which were generated by the Receiving Party (and/or

Receiving Party's consultants, experts and/or agents) based upon such identified Protected Material. Subject to the limited exception set forth in paragraph "8" and the remedies set forth in paragraph "9" of this Stipulation and Order, the cessation of inspection, use or disclosure of the Protected Material or potentially Protected Material by the Receiving Party (and/or Receiving Party's consultants, experts and/or agents) is required regardless of whether the Receiving Party disputes the status of the material or information as Protected Material and/or the claim of personally identifiable information and/or privilege or other protection from disclosure.

6. In the absence of an Order permitting otherwise, after the Receiving Party has notified the Producing Party that it appears to have produced Protected Material, or after it receives a Clawback Demand, the Receiving Party will not introduce into evidence, disclose to any person or entity, or use for any purpose in this or any other action, the Protected Material.

*Receiving Party to Destroy or Return Protected Material & Related Material*

7. The Receiving Party, within ten (10) business days of receiving a Clawback Demand, regardless of whether the Receiving Party agrees with the claim of personally identifiable information, and/or privilege, shall: (a) destroy the identified Protected Material or return it to the Producing Party, including any paper or electronic copies, (b) notify any third-party to whom the Receiving Party sent or disclosed such identified Protected Material to return it to the Producing Party or destroy it; and (c) destroy that portion of any work product, analysis, memoranda or notes reflecting the content of such identified Protected Material and/or which were generated by the Receiving Party (and/or Receiving Party's consultants, experts and/or agents) based upon such identified Protected Material. If any such work product, analyses, memoranda, or notes are thereafter discovered, they shall be immediately destroyed. The

Receiving Party shall provide written assurance to the Producing Party of these actions within ten (10) business days of receiving a Clawback Demand.

8. Within five (5) business days of receipt by the Receiving Party of a Clawback Demand, counsel for the parties shall, if necessary, confer regarding the claims of privilege or protection from disclosure set forth in the Clawback Demand for purposes of potentially resolving any disputes and/or any need for clarification regarding the claims of privilege and/or protection from disclosure of identified Protected Material. Notwithstanding the requirements of paragraph "6" of this Stipulation and Order, counsel for the Receiving Party may discuss the content of the identified Protected Material to the extent disputed or requiring clarification for the limited purposes of the conferral between counsel for the parties set forth in this paragraph, however, all other provisions of paragraphs "5", "6", and "7" shall remain in effect.

9. To the extent that counsel for the parties reach agreement regarding the need for amendment or clarification of any aspect of a Clawback Demand, including without limitation withdrawal of a claim of privilege or protection from disclosure or restatement of the claim of privilege or protection from disclosure, the provisions of paragraph "7" will not be triggered until a revised Clawback Demand is received. Notwithstanding the foregoing, the paragraphs "5" and "6" will remain in effect for documents subject to the original Clawback Demand until the Receiving Party is served with a revised Clawback Demand.

*Seeking an Order to Produce Protected Material*

10. Notwithstanding the directives of paragraph "6" and after compliance with the directives of paragraph "7" of this Stipulation and Order, if the Receiving Party disagrees with the Producing Party's claim that certain identified documents or information constitute Protected

Material (and upon the fulfillment of any additional obligation to meet and confer as may be required by rule or applicable law), the Receiving Party may move the Court for an Order compelling production of any of the identified documents or information covered by a Clawback Demand and/or revised Clawback Demand, which motion may include a request for in camera review. The Receiving Party's motion and/or argument to the Court shall not disclose or otherwise refer to the content of the Protected Material beyond the information set forth in a privilege log. The Receiving Party shall not assert that the destruction or return of the identified Protected Material pursuant to paragraph "7" of this Stipulation and Order has caused it to suffer prejudice. The Court's decision on the motion shall govern the treatment of the disputed documents and/or information. The Receiving Party is enjoined from using in any manner the disputed Protected Material, including any work product, analysis, memoranda, or notes reflecting the content of such produced Protected Material that were generated by the Receiving Party (and/or Receiving Party's consultants, experts, and/or agents) based upon such Protected Material (aside from the motion as limited in this paragraph), until the motion is resolved.

***Rights, Limitations and Objections Related to this Stipulation and Order***

11. A Party's compliance with the terms of this Stipulation and Order shall not operate as an admission by that Party that any particular document or information is or is not (a) privileged, (b) reflective of personally identifiable information, (c) otherwise protected from disclosure or (d) admissible as evidence in this Proceeding or any other federal or state proceeding.

12. Nothing in this Stipulation and Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials

have been produced. Nor is anything herein intended to limit a Party's right, if any, to properly redact information that is privileged or otherwise protected prior to disclosure.

13. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents and related information (including metadata) for privilege, personally identifiable information and/or protected information before disclosure.

14. Nothing contained herein is intended to or shall prevent, limit or restrict the Parties hereto in any way from objecting to or asserting an immunity, protection or privilege in any prior or subsequent litigation with respect to any identified Protected Material in this Proceeding.

15. This Stipulation and Order may be changed only by further agreement of the Parties in writing or by Order of the Court and is without prejudice to the right of any Party to seek modification of this Stipulation and Order by application to the Court on notice to the other Party. Nothing in this Stipulation and Order shall preclude any Party from seeking judicial relief, in good faith and upon notice to the other Party, with regard to any provision hereof.

16. This Stipulation shall survive the termination of this Proceeding and the Court shall retain jurisdiction to enforce its provisions.

[Signature page to follow]

**STIPULATED TO:**

| | |
|---|---|
| **OFFICE OF THE CORPORATION COUNSEL** | **CULLEN AND DYKMAN LLP** |
| By: *[signature]* <br> Amanda Papandrea <br> 100 Church Street, 3rd Floor <br> New York, New York 10007 | By: *[signature]* <br> C. Nathan Dee <br> Jean Pierre van Lent <br> Elizabeth M. Aboulafia <br> 100 Quentin Roosevelt Boulevard <br> Garden City, New York 11530 |
| *Attorneys for the City of New York* | *Special Counsel for Debtor* |
| Dated: New York, New York <br> September 5, 2019 | Dated: New York, New York <br> September 5, 2019 |

**SO ORDERED:**

Dated: _____
      New York, New York

_____
Hon. Stuart M. Bernstein