**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Ave.
Wantagh, New York 11793
(516) 826-6500
Adam P. Wofse, Esq.
Michael T. Rozea, Esq.
*Counsel to Durr Mechanical Construction, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| DURR MECHANICAL CONSTRUCTION, INC. | Case No. 18-13968 (SMB) |
| Debtor. | |

---------------------------------------------------------------X

### APPLICATION SEEKING THE EMPLOYMENT OF GREENBAUM ROWE SMITH DAVIS LLP AS SPECIAL LITIGATION COUNSEL TO THE DEBTOR IN POSSESSION

Upon the application (the "Application") of Durr Mechanical Construction, Inc. (the "Debtor"), by its attorneys, LaMonica Herbst & Maniscalco, LLP, the Debtor seeks the entry of an Order: (i) authorizing and approving the employment of Greenbaum Rowe Smith Davis LLP ("GRSD") as special litigation counsel to the Debtor, in connection with the adversary proceeding styled as *Durr Mechanical Construction Inc. v. I.K. Construction Inc.* ("I.K."), adversary proceeding no. 19-01308 (the "Adversary Proceeding"), pursuant to Section 327(e) of the Bankruptcy Code; and (ii) granting such other further and different relief as this Court deems just and proper. In support of the Application, the Debtor respectfully represents as follows:

### BACKGROUND

1. On December 7, 2018 (the "Filing Date"), the Debtor filed a voluntary petition for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the Clerk of the United States Bankruptcy Court, Southern District of New York (the "Court").

2.     The Debtor has continued, in a limited fashion, in its management of its business and operation of its affairs and property as a debtor and debtor-in-possession pursuant to Bankruptcy Code Sections 1107 and 1108. No trustee or examiner has been appointed and no official committee of unsecured creditors has yet been formed.

3.     Prior to the Filing Date, GRSD represented the Debtor, and co-defendant, Fidelity & Deposit Company of America ("Fidelity"), an affiliate of Zurich American Insurance Company, ("Zurich"), as their litigation counsel in an action pending in the Superior Court of New Jersey, Law Division, Essex County, entitled *I.K. Construction Company, Inc. v. Durr Mechanical Construction Inc., Port Authority of New York and New Jersey, Covanta Essex Company, Covanta Energy Company, Fidelity & Deposit Company of Maryland, Zurich North America, Corporations A, B, C and D, and Corporations E and F*, Docket No. ESX-L-1490-17 (the "New Jersey Action").

4.     In response to I.K.'s attempts to proceed solely against Fidelity in the New Jersey Action, on July 2, 2019, the Debtor commenced the Adversary Proceeding which, *inter alia*, asserts (a) causes of action for breach of a subcontract, unjust enrichment and breach of implied covenant of fair dealing and (b) an objection to the proof of claim filed by IK, and also sought, by separate motion, to extend the automatic stay and enjoin IK from continuing the prosecution of the New Jersey Action against Fidelity.[1]

5.     On August 12, 2019, the Court entered its Memorandum Decision which ruled in part, that the continuation of the New Jersey Action against Fidelity will have an immediate, adverse economic impact on the Debtor's estate and its unsecured creditors, and thus the New

---

[1] By virtue of the asserted claims by IK, and the Debtor's claim objection against IK in the Adversary Proceeding, there is an indisputable identity and alignment of interests between the Debtor and Fidelity.

Jersey Action was enjoined from further prosecution (the "Decision").[2] [Adv. Pro. dkt. no. 15].

6.     On September 12, 2019, the Court entered an order denying I.K.'s first motion to dismiss [Adv. Pro. dkt. no. 25].

7.     On October 24, 2019, a hearing (the "October Hearing") was held on I.K.'s second motion to dismiss, and on October 28, 2019, an order was entered denying the second motion to dismiss [Adv. Pro. dkt. no. 35].

8.     At the October Hearing, in connection with the Adversary Proceeding, the Court expressed its willingness to (a) first adjudicate the issue of termination of the subcontract and (b) then adjudicate the issue of damages.

9.     Given GRSD's extensive familiarity with, and knowledge concerning the New Jersey Action and the discovery which has already been produced, the Debtor desires to retain GRSD to represent its interests in this Adversary Proceeding forthwith.

## RELIEF REQUESTED AND BASIS THEREFOR

10.     The Debtor seeks to employ GRSD in the Adversary Proceeding as its special litigation counsel, pursuant to Section 327(e) of the Bankruptcy Code. Specifically, the professional services for which the Debtor desires to employ GRSD include the following:

   a.   taking all necessary actions to investigate, prosecute, address, litigate, and, if appropriate, recommend a settlement of the Adversary Proceeding to the Debtor for the benefit of the bankruptcy estate;

   b.   preparing, on behalf of the Debtor, necessary applications, motions, objections, answers, orders, reports and other pleadings in connection with the Adversary Proceeding;

   c.   appearing in Court and representing the interests of the Debtor with respect to the Adversary Proceeding; and

---

[2] On August 28, 2019, the Court entered an order granting relief consistent with the Decision (the "Order" together with the Decision, the "Decision and Order" [Adv. Pro. dkt. no. 21].

d.  performing all other legal services for the Debtor that are appropriate, necessary and proper in connection with the Adversary Proceeding.

11.     In connection with the Adversary Proceeding, the Debtor will need the assistance of special litigation counsel to prosecute its causes of action (which includes the objection to IK's proof of claim filed in this case), conduct discovery and take all necessary actions to enforce the Debtor's rights. Given that GRSD is abundantly familiar with the Debtor's position, and prior to the Filing Date had represented the Debtor in connection with the New Jersey Action, it is submitted that it is prudent and efficient for GRSD to continue its representation of the Debtor.

12.     For the purpose of disclosure, in addition to representing the Debtor as special litigation counsel, as a by-product of the Adversary Proceeding and the third-party counterclaims which have been asserted against Fidelity by IK, GRSD has also agreed to represent the Debtor's surety, Fidelity, named as additional counterclaim defendant in the Adversary Proceeding, as co-counsel for Fidelity.  Significantly, GRSD also represented Fidelity's interests in the New Jersey Action. As indicated above, the Debtor's and Fidelity's interests with respect to IK are unconditionally aligned.

13.     By virtue of GRSD's dual representation of the Debtor and Fidelity in this Adversary Proceeding, Zurich has agreed to pay the costs and expenses of GRSD incurred in the Adversary Proceeding, subject to the filing and approval of a fee application with the Court. The Debtor has agreed that any sums paid to GRSD by Zurich for its representation of Fidelity and/or the Debtor in this Adversary Proceeding shall increase Zuirch's proof of claim dollar for dollar in the Debtor's bankruptcy case and become part of Zurich's secured claim in this bankruptcy

case.[3] Significant efficiency of costs of litigation is accomplished by the Debtor and Fidelity being represented by the same counsel in the Adversary Proceeding.

14.     Based upon the foregoing, the Debtor believes that it is in the best interests of the estate to employ GRSD as its special litigation counsel.

15.     In accordance with 11 U.S.C. Section 101(14), and as set forth in the Affirmation, the Debtor submits that GRSD:

> (a) is not an equity security holder or an insider of the Debtor;
>
> (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and
>
> (c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

16.     To the best of Debtor's knowledge, GRSD neither holds nor represents any interest adverse to the Debtor or its estate with respect to the matters in which it is to be engaged. As set forth in the Affirmation, as of the Filing Date, GRSD was owed $70,656.73[4] in unpaid legal fees and disbursements rendered to Debtor pre-petition. As further set forth in the Affirmation, GRSD submits that such outstanding fees owed to GRSD would not serve as a bar to its retention as special litigation counsel to the Debtor in the Adversary Proceeding.

17.     The Debtor believes that it is necessary and in the best interests of the bankruptcy estate to employ GRSD as its special litigation counsel, pursuant to Section 327(e) of the Bankruptcy Code.

---

[3] The Debtor and Zurich agree that in the event that there is an affirmative recovery against IK, such recovery shall first be applied to the legal fees and expenses of GRSD in the joint representation in the Adversary Proceeding, whether outstanding or previously paid by Zurich.

[4] GRSD filed proof of claim numbered 48-1 against the Debtor's estate in this amount.

18.     GRSD will seek the recovery of its fees for legal services and expenses pursuant to a general retainer. GRSD will seek Court approval of its compensation and reimbursement of expenses by application filed with the Court under Sections 330 and 331 of the Bankruptcy Code, in accordance with the United States Trustee Guidelines.

19.     No prior application for the relief sought herein has been previously made to this or any other Court.

**WHEREFORE,** the Debtor respectfully requests the entry of an order: (i) authorizing and approving the employment of GRSD as special litigation counsel to the Debtor, under a general retainer, pursuant to section 327(e) of the Bankruptcy Code; and (ii) granting such other and further relief as this Court deems just and proper.

Dated: November 14, 2019
      Wantagh, New York

                    **LaMonica Herbst & Maniscalco, LLP**
                    *Counsel for the Debtor*

          By:    **_s/ Adam Wofse_**
                    Adam P. Wofse, Esq.
                    Michael T. Rozea, Esq.
                    3305 Jerusalem Avenue, Suite 201
                    Wantagh, New York 11793
                    (516) 826-6500