# LIQUIDATING TRUST AGREEMENT

This LIQUIDATING TRUST AGREEMENT (the "Agreement" or "Liquidating Trust Agreement") is made and entered into, as of February ___, 2020, by and among Durr Mechanical Construction, Inc. (the "Debtor"), the undersigned Secured Parties (as defined in the Plan hereinafter defined), and Kenneth A. Durr (the "Liquidating Trustee"). Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Plan.

## RECITALS

WHEREAS, on December 7, 2018, the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), under case number 18-13968-SMB; and

WHEREAS, on or about November 26, 2019, the Debtor filed its First Amended Plan of Liquidation in the Bankruptcy Case (as amended or modified from time to time, the "Plan"); and

WHEREAS, by Order dated February ___ 2020, the Bankruptcy Court confirmed the Plan; and

WHEREAS, under the terms of the Plan, all cash and other property of the Debtor as of the Effective Date of the Plan will be transferred to and held by the Liquidating Trust created under the Plan confirmed by the Bankruptcy Court so that, among other things: (i) the Trust Assets (defined below) can be pursued and/or disposed of in an orderly and expeditious manner; (ii) objections to Claims can be pursued, and Disputed Claims can be resolved; and (iii) distributions can be made to the beneficiaries of the Liquidating Trust in accordance with the Plan; and

WHEREAS, this Liquidating Trust is established under and pursuant to the Plan which provides for the appointment of the Liquidating Trustee to administer the Liquidating Trust for the benefit of creditors of the Debtor, and to provide administrative services relating to the implementation of the Plan; and

WHEREAS, the Liquidating Trustee has agreed to serve as such upon the terms and subject to the conditions set forth in this Liquidating Trust Agreement.

NOW, THEREFORE, in accordance with the Plan and in consideration of the promises and of the mutual covenants and agreements contained herein, the parties hereto agree as follows:

## DECLARATION OF TRUST

Effective as of the Effective Date, the Debtor hereby absolutely assigns to the Liquidating Trust, and to its successors in trust, and its successors and assigns, all right, title and interest of the Debtor in and to the Trust Assets (as defined below);

TO HAVE AND TO HOLD unto the Liquidating Trust and its successors in trust and its successors and assigns forever;

IN TRUST NEVERTHELESS upon the terms and subject to the conditions set forth herein and for the benefit of the holders of Allowed Claims, as and to the extent provided in the Plan, and for the performance of and compliance with the terms hereof and of the Plan;

PROVIDED, HOWEVER, that upon termination of the Liquidating Trust in accordance with Article V hereof, this Liquidating Trust Agreement shall cease, terminate and be of no further force and effect; and

IT IS HEREBY FURTHER COVENANTED AND DECLARED that the Trust Assets are to be held and applied by the Liquidating Trustee upon the further covenants and terms and subject to the conditions herein set forth.

## I NAME; PURPOSE; TRUST ASSETS

1.1 <u>Name of Trust</u>. The trust created by this Liquidating Trust Agreement shall be known as the "<u>Durr Mechanical Liquidating Trust</u>" or sometimes herein as the "<u>Liquidating Trust</u>".

1.2 <u>Transfer of Trust Assets</u>. In accordance with the provisions of the Plan, on the Effective Date, the Debtor and its Estate shall be deemed and by this Declaration of Trust do hereby transfer, assign and convey to the beneficiaries of the Liquidating Trust any and all rights and assets of the Debtor and/or its Estate (the "<u>Trust Assets</u>"), including, without limitation, (i) cash and accounts, including, without limitation, any and all monies held in escrow or separate segregated accounts during the pendency of the Chapter 11 Case, and (ii) interests, rights, claims and/or causes of action, including without limitation, the Affirmative Claims, and defenses, followed by a deemed transfer by such beneficiaries to the Liquidating Trust, to be held by the Liquidating Trustee in trust for the holders, from time to time, of Allowed Claims as and to the extent provided in the Plan (such holders collectively, the "<u>Trust Beneficiaries</u>"), on the terms and subject to the conditions set forth herein and in the Plan.

1.3 <u>Purposes</u>. The purposes of the Liquidating Trust are to hold and effectuate an orderly disposition of the Trust Assets and to distribute or pay over the Trust Assets or proceeds thereof in accordance with this Liquidating Trust Agreement and the Plan, with no objective or authority to engage in any trade or business, except as consistent with the Plan and this Liquidating Trust, to wind down the Debtor's business.

1.4 <u>Acceptance by the Liquidating Trustee</u>. The Liquidating Trustee is willing and hereby accepts the appointment to serve as Liquidating Trustee pursuant to this Liquidating Trust Agreement and the Plan and agrees to observe and perform all duties and obligations imposed upon the Liquidating Trustee by this Liquidating Trust Agreement and under the Plan, including, without limitation, to accept and hold and administer the Trust Assets and otherwise to carry out the purpose of the Liquidating Trust in accordance with the terms and subject to the conditions set forth herein.

1.5     Further Assurances.  The Debtor and any successors in interest will, on request of the Liquidating Trustee, execute and deliver such further documents and perform such further acts as may be reasonably necessary or proper to transfer to the Liquidating Trustee any portion of the Trust Assets or to vest in the Trust the powers or property hereby conveyed.  The Debtor, for itself and its predecessors and successors, disclaims any right to any reversionary interest in any of the Trust Assets.

1.6     The Secured Parties.  As provided in the Plan, certain secured creditors constitute the Secured Parties, which have certain rights concerning cash collateral, and certain such creditors have consultation rights concerning settlements of certain claims and/or causes of action of the Estate.  Such rights of the Secured Parties under the Plan continue in full force and effect under this Liquidating Trust Agreement until such time as each such creditor's secured claim, to extent of the value of its collateral and pursuant to applicable law, is irrevocably paid in full.

## II     RIGHTS, POWERS AND DUTIES OF LIQUIDATING TRUSTEE

2.1     General.  As of the Effective Date, the Liquidating Trustee shall take possession and charge of the Trust Assets and, subject to the provisions hereof and in the Plan, shall have full right, power and discretion to manage the affairs of the Liquidating Trust.  Except as otherwise provided herein and in the Plan, the Liquidating Trustee shall have the right and power to enter into any covenants or agreements binding the Liquidating Trust and in furtherance of the purpose hereof and of the Plan and to execute, acknowledge and deliver any and all instruments that are necessary or deemed by the Liquidating Trustee to be consistent with and advisable in connection with the performance of his or her duties hereunder.  On and after the Effective Date, the Liquidating Trustee, shall have the power and responsibility to do all acts contemplated by the Plan to be done by the Liquidating Trustee and all other acts that may be necessary or appropriate in connection with the disposition of the Trust Assets and the distribution of the proceeds thereof, as contemplated by the Plan, including, without limitation:

(a)     Subject to the applicable provisions of and any limitations contained in the Plan, to exercise all power and authority that may be or could have been exercised, commence all proceedings that may be or could have been commenced and take all actions that may be or could have been taken by the Debtor and/or any partners, members, officer, director or shareholder of the Debtor with like effect as if authorized, exercised and taken by unanimous action of such partners, members, officers, directors and shareholders; including, without limitation, amendment of the certificates of incorporation and by-laws of the Debtor, the dissolution of the Debtor and the assertion or waiver of the Debtor's attorney/client privilege;

(b)     To maintain escrows and other accounts, make Distributions and take other actions consistent with the Plan and the implementation hereof, including the establishment, re-evaluation, adjustment and maintenance of appropriate reserves, in the name of the Debtor or the Liquidating Trustee, even in the event of the dissolution of the Debtor;

(c)     In accordance with the provisions of the Plan, to collect and liquidate all assets of the Estate transferred to the Liquidating Trust pursuant to the Plan and this Liquidating

Trust Agreement and administer the winding-up of the affairs of the Debtor including, but not limited to, closing the Chapter 11 Case;

(d) To object to any Claims (Disputed or otherwise) and to defend, compromise and/or settle any Claims prior to or following objection without the necessity of approval of the Bankruptcy Court, and/or to seek Bankruptcy Court approval for any Claims settlement, to the extent thought appropriate by the Liquidating Trustee or to the extent such approval is required by prior order of the Bankruptcy Court;

(e) To make decisions without further Bankruptcy Court approval, regarding the retention or engagement of professionals, employees and consultants by the Liquidating Trust and to pay, from any reserves, as defined in Section 2.2 of is Liquidating Trust Agreement, the charges incurred by the Liquidating Trust on or after the Effective Date for services of professionals, disbursements, expenses or related support services relating to the winding down of the Debtor and implementation of the Plan, without application to the Bankruptcy Court;

(f) To cause, on behalf of the Liquidating Trust, the Debtor and its estate, all necessary tax returns and all other appropriate or necessary documents related to municipal, State, Federal or other tax law to be prepared or filed timely;

(g) To make all Distributions to holders of Allowed Claims provided for or contemplated by the Plan;

(h) To invest cash in accordance with section 345 of the Bankruptcy Code or as otherwise permitted by a Final Order of the Bankruptcy Court and as deemed appropriate by the Liquidating Trustee in accordance with the investment and deposit guidelines set forth in Section 2.4 of this Liquidating Trust Agreement;

(i) To collect any accounts receivable or other claims and assets of the Debtor or its Estate not otherwise disposed of pursuant to the Plan;

(j) To enter into any agreement or execute any document required by or consistent with the Plan and perform all of the obligations of the Debtor or the Liquidating Trustee thereunder;

(k) To abandon in any commercially reasonable manner, including abandonment or donation to a charitable organization, any assets that the Liquidating Trustee concludes are of no benefit to creditors of the Debtor or, at the conclusion of the Chapter 11 Case, are determined to be too impractical to distribute;

(l) To investigate, litigate, prosecute, defend and/or settle claims and/or causes of action of the Estate, on behalf of the Liquidating Trust, including without limitation, the Affirmative Claims, participate in or initiate any proceeding before the Bankruptcy Court or any other court of appropriate jurisdiction, and participate as a party or otherwise in any administrative, arbitrative or other non-judicial proceeding;

(m) To borrow funds or pledge assets of the Liquidating Trust Estate in order to facilitate and/or accomplish the purpose of the Liquidating Trust;

(n) To utilize Trust Assets to purchase or create and carry all appropriate insurance policies and pay all insurance premiums and costs it deems necessary or advisable to insure the acts and omissions of the Liquidating Trustee;

(o) To implement and/or enforce all provisions of the Plan;

(p) To maintain appropriate books and records (including financial books and records);

(q) To pay fees incurred pursuant to 28 U.S.C. § 1930(a)(6) and to file with the Bankruptcy Court and serve on the United States Trustee quarterly financial reports until such time as such reports are no longer required, a final decree is entered closing this case or the case is converted or dismissed, or the Bankruptcy Court orders otherwise;

(r) To do all other acts or things consistent with the provisions of the Plan that the Liquidating Trustee deems reasonably necessary or desirable with respect to implementing the Plan.

Other than the obligations of the Liquidating Trustee enumerated or referred to herein or under the Plan, the Liquidating Trustee shall have no duties or obligations of any kind or nature respecting the implementation and administration of the Plan or this Liquidating Trust Agreement.

2.2 Costs. On and after the Effective Date, the Liquidating Trustee shall reserve cash reserves from the Trust Assets to be held in a Liquidating Trust wind-down fund or reserved, to the extent a distribution will be made, from time to time, to each class of claims as set forth under the Plan, for payment of Disputed Claims and Claims having priority under the Bankruptcy Code. The reserve(s) shall be used to pay amounts due to the Liquidating Trustee pursuant to Section 2.7 hereof and the fees and expenses of any counsel, accountant, consultant or other advisor or agent retained, or to be retained, by the Liquidating Trustee pursuant to this Liquidating Trust Agreement as well as other expenses related to the liquidation or recovery of trust assets. In the event that amounts held in reserve, together with proceeds of any disposition of Trust Assets available for such purpose, are insufficient to make payments as provided in this Section 2.2, the Liquidating Trustee shall, unless reserves sufficient for such purpose have otherwise been made available from any other sources including other accounts of the Liquidating Trust, have no obligation to make such payments.

2.3 Distributions. Pursuant to the Plan, the Liquidating Trustee shall record and account for all proceeds received upon any disposition of Trust Assets (after deduction therefrom of appropriate reserves as provided herein and in the Plan) for distribution in accordance with the provisions of the Plan and this Liquidating Trust Agreement.

2.4 Limitations on Investment Powers of Liquidating Trustee. Funds in the Liquidating Trust shall be invested in demand and time deposits in banks or other savings

institutions, or in other temporary, liquid investments, such as Treasury bills, consistent with the liquidity needs of the Liquidating Trust as determined by the Liquidating Trustee, and need not be invested in accordance with section 345 of the Bankruptcy Code unless the Bankruptcy Court otherwise requires.

  2.5  <u>Liability of Liquidating Trustee</u>.

    (a)  <u>Standard of Care</u>.  Except in the case of bad faith, willful misconduct, reckless disregard of duty, criminal conduct, gross negligence, fraud or self-dealing, or with respect to malpractice in the case of an attorney professional (as required under Rule 1.8(h)(1) of the New York State Rules of Professional Conduct), the Liquidating Trustee shall not be liable for any loss or damage by reason of any action taken or omitted by it pursuant to the discretion, powers and authority conferred, or in good faith believed by the Liquidating Trustee to be conferred, on the Liquidating Trustee by this Liquidating Trust Agreement or the Plan.

    (b)  <u>No Liability for Acts of Predecessors</u>.  No successor Liquidating Trustee shall be in any way responsible for the acts or omissions of any Liquidating Trustee in office prior to the date on which such successor becomes the Liquidating Trustee, unless a successor Liquidating Trustee expressly assumes such responsibility.

    (c)  <u>No Implied Obligations</u>.  Subject to Section 1.4 hereof, the Liquidating Trustee shall not be liable except for the performance of such duties and obligations as are specifically set forth herein, and no implied covenants or obligations shall be read into this Liquidating Trust Agreement against the Liquidating Trustee.

    (d)  <u>No Liability for Good Faith Error of Judgment</u>.  The Liquidating Trustee shall not be liable for any error of judgment made in good faith, unless it shall be proved that the Liquidating Trustee was grossly negligent in ascertaining the pertinent facts.

    (e)  <u>Reliance by Liquidating Trustee on Documents or Advice of Counsel or Other Persons</u>.  Except as otherwise provided herein, the Liquidating Trustee may rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order or other paper or document believed by the Liquidating Trustee to be genuine and to have been signed or presented by the proper party or parties.  The Liquidating Trustee also may engage and consult with legal counsel for the Liquidating Trust and other agents and advisors and shall not be liable for any action taken or suffered by the Liquidating Trustee in reliance upon the advice of such counsel, agents or advisors.  The Liquidating Trustee shall have the right at any time to seek instructions from the Bankruptcy Court concerning the administration or disposition of the Trust Assets.

    (f)  <u>No Personal Obligation for Trust Liabilities</u>.  Persons dealing with the Liquidating Trustee, or seeking to assert claims against the Debtor, shall look only to the Trust Assets to satisfy any liability incurred by the Liquidating Trustee to any such Person in carrying out the terms of this Liquidating Trust Agreement, and the Liquidating Trustee shall have no personal, individual obligation to satisfy any such liability.

2.6     Selection of Agents.  The Liquidating Trustee may engage any employee of the Debtor or other persons, and also may engage or retain brokers, banks, custodians, investment and financial advisors, attorneys (including existing counsel to the Debtor), accountants (including existing accountants for the Debtor) and other advisors and agents, in each case without Bankruptcy Court approval.  The Liquidating Trustee may pay the salaries, fees and expenses of such persons from amounts held in reserve, or, if such amounts are insufficient therefor, out of the Trust Assets or proceeds thereof.  In addition, the parties acknowledge that Trust Assets may be advanced to satisfy such salaries, fees and expenses. The Liquidating Trustee shall not be liable for any loss to the Liquidating Trust or any person interested therein by reason of any mistake or default of any such Person referred to in this Section 2.6 selected by the Liquidating Trustee in good faith and without either gross negligence or intentional malfeasance.

2.7     Liquidating Trustee's Compensation, Indemnification and Reimbursement.

(a)     As compensation for services in the administration of this Liquidating Trust, the Liquidating Trustee shall be compensated as specified in an approved budget as authorized by the Cash Collateral Order (and as set forth therein, which such use of cash collateral may be extended in writing by the parties without further Order of the Court).  The Liquidating Trustee shall also be reimbursed for all documented actual, reasonable and necessary out-of-pocket expenses incurred in the performance of its duties hereunder.

(b)     In addition, the Liquidating Trustee shall be indemnified by and receive reimbursement from the Trust Assets against and from any and all loss, liability, expense (including attorneys' fees) or damage which the Liquidating Trustee incurs or sustains, in good faith and without either gross negligence or intentional malfeasance, acting as Liquidating Trustee under or in connection with this Liquidating Trust Agreement.

(c)     It is anticipated and intended that the Liquidating Trustee devote his or her attention to the prompt and orderly administration of the Liquidating Trust and Plan. If the Liquidating Trustee determines that the Liquidating Trustee is able to fulfill his obligations under this Liquidating Trust Agreement and the Plan by devoting a portion of each work-day or work-week to performing the services set forth herein, the Liquidating Trustee may be retained only on a part-time basis with such terms to be agreed upon and such compensation as set forth in an approved budget as authorized by the Cash Collateral Order (and as set forth therein, which such use of cash collateral may be extended in writing by the parties without further Order of the Court).  The Liquidating Trustee may accept employment elsewhere during any period of part-time services, provided such additional employment does not result in a conflict of interest with his obligations hereunder. The Liquidating Trustee may provide thirty (30) days' prior written notice to the Secured Parties that the Liquidating Trustee's full-time engagement hereunder is no longer required, whereupon the parties agree to in good faith negotiate satisfactory part time engagement terms.  If within the notice period the Secured Parties and the Liquidating Trustee cannot agree on such terms, either may opt to terminate the Liquidating Trustee's engagement as of thirty (30) additional days after the expiration of the notice period, or when the appointment of a successor Liquidating Trustee becomes effective.

(d) The Liquidating Trustee is hereby authorized to obtain all reasonable insurance coverage for himself, his agents, representatives, employees or independent contractors, including, without limitation, coverage with respect to the liabilities, duties and obligations of the Liquidating Trustee and his agents, representatives, employees or independent contractors under the Plan and this Liquidating Trust Agreement.

2.8 Tax Treatment and Obligation to File Returns.

(a) It is intended that the Liquidating Trust qualify as a grantor trust for federal income tax purposes, all of the interests which are owned by the Trust Beneficiaries, such that all items of income, gain, loss, deduction and credit will be included in the income of the Trust Beneficiaries as if such items had been recognized directly by the Trust Beneficiaries in the proportions in which they own beneficial interests in the Liquidating Trust.

(b) The Liquidating Trustee shall comply with all tax reporting requirements and, in connection therewith, the Liquidating Trustee may require Trust Beneficiaries to provide certain tax information, including, but not limited to, tax identification numbers, as a condition to receipt of distributions, including, without limitation, filing returns for the Liquidating Trust as a grantor trust pursuant to Treasury Regulation § 1.6714(a).

2.9 Tax Provisions.

(a) Income Tax Status.

(i) The Liquidating Trust is created for the purpose of liquidating the Trust Assets in accordance with Treasury Regulation Section 301.7701-4(d) and making distributions to holders of Allowed Claims. The Liquidating Trust is not otherwise authorized to engage in any trade or business, except as set forth herein and the Plan.

(ii) Under the guidelines set forth in Revenue Procedure 94-95, I.R.B. 1994-20.12 and § 1.671-4(a) of the Income Tax Regulations, the Liquidating Trustee will file returns for the Liquidating Trust as a grantor trust. As described more fully in the Plan and Disclosure Statement, the transfer of the Trust Assets will be treated for tax purposes as a transfer to the Trust Beneficiaries, followed by a deemed transfer from such Trust Beneficiaries to the Liquidating Trust.

(iii) In accordance with the provisions of Section 6012(b)(3) of the Internal Revenue Code of 1986, as amended, the Liquidating Trustee shall cause to be prepared, at the cost and expense of the Liquidating Trust, the corporate income tax returns (Federal, state and local) that the Debtor is required to file (to the extent such returns have not already been filed by the Effective Date). The Liquidating Trustee shall timely file each such tax return with the appropriate taxing authority and shall pay out of the Trust Assets all taxes due with respect to the period covered by each such tax return. The Debtor hereby agrees to furnish to the Liquidating Trustee all information required by the Liquidating Trustee, and generally to cooperate with the Liquidating Trustee, so as to enable the Liquidating Trustee to accurately and timely prepare such tax returns.

(b)     Withholding. The Liquidating Trustee may withhold from the amount distributable from the Liquidating Trust at any time to any Trust Beneficiary such sum or sums as may be sufficient to pay any tax or taxes or other charge or charges which have been or may be imposed on such Trust Beneficiary or upon the Liquidating Trust with respect to the amount distributable or to be distributed under the income tax laws of the United States or of any state or political subdivision or entity by reason of any distribution provided for by any law, regulation, rule, ruling, directive, or other governmental requirement.

(c)     Tax Identification Numbers. The Liquidating Trustee may require any Trust Beneficiary to furnish to the Liquidating Trustee its Employer or Taxpayer Identification Number as assigned by the Internal Revenue Service and the Liquidating Trustee may condition any distribution to any Trust Beneficiary upon receipt of such identification number. If after reasonable inquiry, any Trust Beneficiary fails to provide such identification number to the Liquidating Trustee, the Liquidating Trustee shall deem such Trust Beneficiary's claim as disallowed and no distribution shall be made on account of such Trust Beneficiary's claim until such time as the applicable identification number has been provided to the Liquidating Trustee. This provision is expressly subject to Article XIII of the Plan, and as such, after such time as specified in the Plan, such distribution shall revert back to the Trust to be distributed in accordance with the Plan.

2.10    Conflicting Claims. If the Liquidating Trustee becomes aware of any disagreement or conflicting claims with respect to the Trust Assets, or in good faith has any doubts as to any action that should be taken under this Liquidating Trust Agreement, the Liquidating Trustee may take any or all of the following actions as reasonably appropriate:

(i)     to the extent of such disagreement or conflict, or to the extent deemed by the Liquidating Trustee necessary or appropriate in light of such disagreement or conflict, withhold or stop all further performance under this Liquidating Trust Agreement with respect to the matter of such dispute (except, in all cases, the safekeeping of the Trust Assets) until the Liquidating Trustee is reasonably satisfied that such disagreement or conflicting claims have been fully resolved; or

(ii)    file a suit in interpleader or in the nature of interpleader in the Bankruptcy Court (or any other court of competent jurisdiction) and obtain an order requiring all Persons involved to litigate in the Bankruptcy Court their respective claims arising out of or in connection with this Liquidating Trust Agreement; or

(iii)   file any other appropriate motion for relief in the Bankruptcy Court (or any other court of competent jurisdiction).

2.11    Records of Liquidating Trustee. The Liquidating Trustee shall maintain accurate records of receipts and disbursements and other activity of the Liquidating Trust, and duly authorized representatives of the Secured Parties shall have reasonable access to the records of the Liquidating Trust. The books and records maintained by the Liquidating Trustee, as well as any and all other books and records of the Debtor, may be disposed of by the Liquidating Trustee at such time as the Liquidating Trustee determines that the continued possession or maintenance of such books and records is no longer necessary for the benefit of the Liquidating Trust or its

beneficiaries, or upon the termination of the Liquidating Trust, provided that at least (30) thirty days' notice of the intention to dispose of such books and records has been provided to the Secured Parties, and to all persons entitled to notice under the Plan.

**III     RIGHTS, POWERS AND DUTIES OF BENEFICIARIES.**

3.1     <u>Interests of Beneficiaries</u>.  The Trust Beneficiaries shall have beneficial interests in the Trust Assets as provided in the Plan.  The Trust Beneficiaries' proportionate interests in the Trust Assets as thus determined shall be transferable, subject, as applicable, to Bankruptcy Rule 3001(e) and any other provision of law, but shall not be binding on the Trustee unless and until the transfer has been accepted by the Liquidating Trustee.

3.2     <u>Interests Beneficial Only</u>.  The ownership of a beneficial interest hereunder shall not entitle any Trust Beneficiary to any title in or to the Trust Assets as such (which title shall be vested in the Liquidating Trustee) or to any right to call for a partition or division of Trust Assets or to require an accounting.

**IV     AMENDMENT OF TRUST OR CHANGE IN TRUSTEE.**

4.1     <u>Resignation of the Liquidating Trustee</u>. The Liquidating Trustee may resign by an instrument in writing signed by the Liquidating Trustee and filed with the Bankruptcy Court upon not less than ninety (90) days' prior notice to the Secured Parties, provided that the Liquidating Trustee shall continue to serve as such after his resignation for thirty (30) days or, if longer, until the time when appointment of his successor shall become effective in accordance with Section 4.3 hereof, or as otherwise agreed with the Secured Parties.

4.2     <u>Removal of the Liquidating Trustee</u>. One or more of the Secured Parties may remove the Liquidating Trustee for cause at any time upon application and Order of the Court. Such removal shall be effective as set forth in the Order of the Court.  For the purposes of this Liquidating Trust Agreement, "cause" shall mean (a) the willful and continued refusal by the Liquidating Trustee to perform his duties as set forth herein; (b) gross negligence, gross misconduct, fraud, embezzlement or theft; or (c) such other cause as determined by the Court.

4.3     <u>Appointment of Successor Liquidating Trustee</u>. In the event of the death, resignation, termination, incompetence or removal of the Liquidating Trustee, the Secured Parties may appoint a successor Liquidating Trustee without the approval of the Bankruptcy Court, or by application and Order of the Court, which the parties acknowledge shall retain jurisdiction to resolve any disputes in connection with the service of the Liquidating Trustee or his successor.  In the case of the resignation of the Liquidating Trustee, the Liquidating Trustee may appoint a successor Liquidating Trustee in consultation with the Secured Parties.  If the Liquidating Trustee and/or the Secured Parties, as applicable, fail to appoint a successor Liquidating Trustee within 30 days of the occurrence of a vacancy, any Trust Beneficiary, the Debtor (if still existing), or the outgoing Liquidating Trustee may petition the Bankruptcy Court for such appointment.  Every successor Liquidating Trustee appointed hereunder shall execute, acknowledge and deliver to the Bankruptcy Court and to the predecessor Liquidating Trustee (if practicable) an instrument accepting such appointment and the terms and provisions of this Liquidating Trust Agreement, and thereupon such successor Liquidating Trustee, without any

further act, deed or conveyance, shall become vested with all the rights, powers and duties of the retiring Liquidating Trustee.

4.4 <u>Continuity</u>. Unless otherwise ordered by the Bankruptcy Court, the death, resignation, incompetence or removal of the Liquidating Trustee shall not operate to terminate or to remove any existing agency created pursuant to the terms of this Liquidating Trust Agreement or invalidate any action theretofore taken by the Liquidating Trustee. In the event of the resignation or removal of the Liquidating Trustee, the Liquidating Trustee shall promptly execute and deliver such documents, instruments, final reports, and other writings as may be reasonably requested from time to time by the Bankruptcy Court, the CP's or the successor Liquidating Trustee.

4.5 <u>Amendment of Agreement</u>. This Liquidating Trust Agreement may be amended, modified, terminated, revoked or altered only upon (i) agreement of the Liquidating Trustee and the Secured Parties, or (ii) if no agreement has been reached between the foregoing, upon Order of the Bankruptcy Court.

## V     TERMINATION OF TRUST

The Liquidating Trust shall terminate upon the earliest to occur of (a) the fulfillment of the Liquidating Trust's purpose by the Liquidating of all of the Trust Assets and the distribution of the proceeds of the Liquidating Trust thereof in accordance with the Plan; or (b) the third anniversary of the creation of the Liquidating Trust (the "<u>Termination Date</u>"). Reasonable efforts shall be made to see to it that the Termination Date shall be no later than the time reasonably necessary to accomplish the Liquidating Trust's purpose of Liquidating assets and satisfying liabilities under the Plan. Notwithstanding the foregoing, however, if warranted by the facts and circumstances, upon proper notice to interested parties who have requested such notice and with an explanation of why the extension is necessary to accomplish the purpose of the Liquidating Trust, the term of the Liquidating Trust may be extended for a finite term based upon such particular facts and circumstances, by Order of the Court, upon application or motion of the Liquidating Trustee filed within the six (6) month period prior to the expiration of the initial or extended term.

## VI     RETENTION OF JURISDICTION

Subject to the following sentence, the Bankruptcy Court shall have exclusive jurisdiction over the Liquidating Trust, the Liquidating Trustee and the Trust Assets as provided in the Plan, including the determination of all controversies and disputes arising under or in connection with the Liquidating Trust or this Liquidating Trust Agreement. However, if the Bankruptcy Court abstains or declines to exercise such jurisdiction or is without jurisdiction under applicable law, any other court of competent jurisdiction may adjudicate any such matter. All Trust Beneficiaries consent to the jurisdiction of the U.S. District Court for the Southern District of New York and the state courts sitting in New York, New York over all disputes related to this Liquidating Trust Agreement.

## VII   MISCELLANEOUS

7.1   <u>Applicable Law</u>.  The Liquidating Trust created by this Liquidating Trust Agreement shall be construed in accordance with and governed by the laws of the State of New York without giving effect to principles of conflict of laws, but subject to any applicable federal law.

7.2   <u>Waiver</u>.  No failure or delay of any party to exercise any right or remedy pursuant to this Liquidating Trust Agreement shall affect such right or remedy or constitute a waiver thereof.

7.3   <u>Relationship Created</u>.  Nothing contained herein shall be construed to constitute any relationship created by this Liquidating Trust Agreement as an association, partnership or joint venture of any kind.

7.4   <u>Interpretation</u>.  Section and paragraph headings contained in this Liquidating Trust Agreement are for convenience of reference only and shall not affect the meaning or interpretation of any provision hereof.

7.5   <u>Savings Clause</u>.  If any clause or provision of this Liquidating Trust Agreement shall for any reason be held invalid or unenforceable by the Bankruptcy Court, such invalidity or unenforceability shall not affect any other clause or provision hereof, but this Liquidating Trust Agreement shall be construed, insofar as reasonable to effectuate the purpose hereof, as if such invalid or unenforceable provision had never been contained herein.

7.6   <u>Entire Agreement</u>.  This Liquidating Trust Agreement and the Plan constitute the entire agreement by and among the parties and there are no representations, warranties, covenants or obligations with respect to the subject matter hereof except as set forth herein or therein.  This Liquidating Trust Agreement together with the Plan supersedes all prior and contemporaneous agreements, understandings, negotiations and discussions, written or oral, of the parties hereto, relating to such subject matter.  Except as otherwise authorized by the Bankruptcy Court or specifically provided in this Liquidating Trust Agreement or in the Plan, nothing in this Liquidating Trust Agreement is intended or shall be construed to confer upon or to give any Person other than the parties hereto and the Trust Beneficiaries any rights or remedies under or by reason of this Liquidating Trust Agreement.

7.7   <u>Counterparts</u>.  This Liquidating Trust Agreement may be executed by facsimile or electronic transmission and in counterparts, each of which when so executed and delivered shall be an original document, but all of which counterparts shall together constitute one and the same instrument.

7.8     Notices.

(a)     All notices, requests or other communications required or permitted to be made in accordance with this Liquidating Trust Agreement shall be in writing and shall be deemed given five business days after first-class mailing, or one business day after sending by overnight courier:

    (i)     if to the Liquidating Trustee:

        Kenneth A. Durr
        40 Spring Brook Road
        Morristown, New Jersey 07960

    (ii)    if to the Debtor or the Trustee:

        LaMonica Herbst & Maniscalco, LLP
        *Attorneys for the Debtor and the Trustee*
        3305 Jerusalem Avenue
        Wantagh, New York 11793
        Attn:   Adam P. Wofse, Esq.
        Tel.: (516) 826-6500

    (iii)   If to the Secured Parties:

        HSBC Bank USA, National Association
        *c/o Counsel*
        PHILLIPS LYTLE LLP
        Attn:  Nickolas Karavolas, Esq.
        340 Madison Avenue, 17th Floor
        New York, New York 10173
        Tel.:  (212) 759-4888

        Valley National Bank
        *c/o Counsel*
        WINDELS MARX LANE & MITTENDORF, LLP
        Attn:  Alan Nisselson, Esq.
        156 West 56th Street
        New York, New York  10019
        Tel.:  (212) 239-1000

> United States of America
> *c/o Counsel*
> GEOFFREY S. BERMAN
> United States Attorney for the
> Southern District of New York
> Attn: Rachael L. Doud
> Assistant United States Attorney
> 86 Chambers Street, 3rd Floor
> New York, New York 10007
> Tel.: (212) 637-3274
>
>
> *Zurich American Insurance Company*
> *c/o Counsel*
> TORRE LENTZ GAMELL GARY & RITTMASTER, LLP
> Attn: Mark S. Gamell, Esq.
> 100 Jericho Quadrangle, Suite 309
> Jericho, New York 11753-2702
> Telephone No.: (516) 240-8900

(iv) if to any Trust Beneficiary, to such address as such Trust Beneficiary shall have furnished to the Debtor in writing prior to the Effective Date.

(b) Any Person may change the address at which it is to receive notices under this Liquidating Trust Agreement by furnishing written notice to the Liquidating Trustee in the same manner as above.

7.9 <u>Effective Date</u>. This Liquidating Trust Agreement shall become effective as of the Effective Date.

7.10 <u>Successors and Assigns</u>. This Liquidating Trust Agreement shall be binding upon each of the parties hereto and their respective successors and assigns and shall inure to the benefit of the parties, the Trust Beneficiaries and, subject to the provisions hereof, their respective successors and assigns.

7.11 <u>Conflict with the Plan</u>. In the event of any conflict between the terms of this Liquidating Trust Agreement and the Plan, the terms of this Liquidating Trust Agreement shall govern.

IN WITNESS WHEREOF the undersigned have caused this Liquidating Trust

Agreement to be executed as of the day and year first above written.

DURR MECHANICAL CONSTRUCTION, INC., Debtor

By: _____
    Kenneth A. Durr, President


DURR MECHANICAL LIQUIDATING TRUST

By: _____
    Kenneth A. Durr, Liquidating Trustee


PHILLIPS LYTLE LLP
*Counsel to HSBC Bank USA, National Association*

By: _____
    Nickolas Karavolas, Esq.
    340 Madison Avenue, 17th Floor
    New York, New York 10173


WINDELS MARX LANE & MITTENDORF, LLP
*Counsel to Valley National Bank*

By:_____
    Alan Nisselson, Esq.
    156 West 56th Street
    New York, New York 10019


GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
*Counsel for the United States of America*

By: _____
    Rachael L. Doud
    Assistant United States Attorney
    86 Chambers Street, 3rd Floor
    New York, New York 10007


TORRE LENTZ GAMELL GARY & RITTMASTER, LLP
*Counsel to Zurich American Insurance Company*

By: _____
    Mark S. Gamell, Esq.
    100 Jericho Quadrangle, Suite 309
    Jericho, New York 11753-2702