**LaMonica Herbst & Maniscalco, LLP**  
3305 Jerusalem Avenue, Suite 201  
Wantagh, New York 11793  
(516) 826-6500  
Adam P. Wofse, Esq.

Hearing Date: February 25, 2020 at 10:00 a.m.  
Objections Due: February 18, 2020

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

In re:  Chapter 11

DURR MECHANICAL CONSTRUCTION, INC.  Case No. 18-13968-SMB

                Debtor.

------------------------------------------------------------X

### NOTICE OF HEARING OF CHAPTER 11 DEBTOR'S MOTION FOR ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. § 1121(d), EXTENDING THE EXCLUSIVE TIME PERIOD DURING WHICH THE DEBTOR MAY SOLICIT AND OBTAIN ACCEPTANCES OF CHAPTER 11 PLAN

**PLEASE TAKE NOTICE,** that on February 25, 2020 at 10:00 a.m., or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, Southern District of New York, One Bowling Green, New York, New York 10004-1408, Courtroom 723, on the annexed motion (the "Motion") of Durr Mechanical Construction, Inc., the debtor and debtor in possession (the "Debtor"), by its counsel, LaMonica Herbst & Maniscalco, LLP, seeking entry of an Order, pursuant to section 1121(d) of Title 11 of the United States Code (the "Bankruptcy Code"), extending the exclusive time period during which the Debtor may solicit and obtain acceptances of its Chapter 11 plan, and granting such other, further and different relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE,** that objections, if any, to the relief requested in the Motion must be in writing, conform with the Bankruptcy Code and the Bankruptcy Rules, state with particularity the grounds thereof and be filed with the Court, with a courtesy copy to the Chambers of the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, and served

1

upon, to as to be received by, LaMonica Herbst & Maniscalco, LLP, 3305 Jerusalem Avenue, Wantagh, New York 11793, attorneys for the Debtor, Attn: Adam P. Wofse, Esq., no later than February 18, 2020 as follows: (a) through the Court's electronic filing system, which may be accessed through the internet at the Court's website at [www.nysb.uscourts.gov](www.nysb.uscourts.gov), in portable document format (PDF) using Adobe Exchange Software for conversion; or (b) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a compact disc in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope. An objection filed by a party with no legal representation shall comply with subsection (b) as set forth in this paragraph.

Dated: February 6, 2020
      Wantagh, New York           **LaMonica Herbst & Maniscalco, LLP**
                                        Attorneys for the Debtor

                              By:    */s/ Adam P. Wofse*
                                        Adam P. Wofse, Esq.
                                        A Partner of the Firm
                                        3305 Jerusalem Avenue, Suite 201
                                        Wantagh, New York 11793
                                        (516) 826-6500

**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
Adam P. Wofse, Esq.

Hearing Date: February 25, 2020 at 10:00 a.m.
Objections Due:  February 18, 2020

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:

DURR MECHANICAL CONSTRUCTION, INC.

                Debtor.

------------------------------------------------------------X

Chapter 11

Case No. 18-13968-SMB

## MOTION OF CHAPTER 11 DEBTOR FOR ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. § 1121(d), EXTENDING THE EXCLUSIVE TIME PERIOD DURING WHICH THE DEBTOR MAY SOLICIT AND OBTAIN ACCEPTANCES OF CHAPTER 11 PLAN

**To:**    **The Honorable Stuart M. Bernstein**
        **United States Bankruptcy Judge**
        **United States Bankruptcy Court**
        **Southern District of New York**

Durr Mechanical Construction, Inc., the debtor and debtor in possession ("Debtor"), by its counsel, LaMonica Herbst & Maniscalco, LLP, hereby submits this motion (the "Motion") seeking entry of an Order, pursuant to section 1121(d) of Title 11 of the United States Code (the "Bankruptcy Code"), extending the exclusive period within which the Debtor may solicit and obtain acceptances of its plan of reorganization (for an additional 91 days) from February 10, 2020 through and including May 11, 2020, and respectfully represents as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this bankruptcy case and the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this bankruptcy case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Bankruptcy Code § 1121(d) and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure.

## **BACKGROUND**

4. On December 7, 2018 (the "Filing Date"), the Debtor filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York (the "Court").

5. The Debtor continues to operate and manage its properties and affairs as a debtor and debtor in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

6. A committee of unsecured creditors has not been formed in this case.

7. All monthly operating reports have been filed, and the Debtor is current with its post-petition obligations.

8. The deadline to file proofs of claim, other than governmental claims, was April 15, 2019.

9. By Order dated November 19, 2019 [Docket No. 320], the exclusive period for the Debtor to solicit and obtain acceptances (the "Exclusive Solicitation Period") was extended through February 10, 2020, respectively.

10. The Debtor is and was a leader and innovator in the mechanical industry. Its work involves installation, rigging, setting, assembly, alignment and grouting of assorted process and power equipment including electric or steam driven compressors, ACC's, HRSG's turbines, pumps, heat exchangers, boilers, tanks, heaters and packaged HVAC systems. The Debtor's

work scope also includes the installation and testing of instruments, controls and apparatus associated with power and process systems.

11. The Debtor is presently providing services on, and nearing completion of, one remaining on-going construction project in New York.

12. The Debtor is in a wind down mode which began pre-petition and continues to date.

13. On September 13, 2019, the Debtor filed its Chapter 11 plan of reorganization (the "Plan") and disclosure statement (the "Disclosure Statement"). The Debtor filed its amended Plan and amended Disclosure Statement on November 26, 2019. The Plan is a liquidating plan. By motion filed November 26, 2019, the Debtor sought Court approval of the Debtor's disclosure statement (the "Disclosure Statement"). The Court denied the motion as the Plan and Disclosure Statement required certain revisions. The Debtor is in the process of revising the Plan and Disclosure Statement, and is engaged in continued discussions with secured and priority creditors concerning the Plan. The DIP Lender (as defined herein) and the secured creditors (the two banks and the IRS) have consented to the request for the extension sought herein.

14. The Debtor filed for bankruptcy protection in order to, *inter alia,* reorganize its financial affairs and preserve its assets and the value thereof.

15. Soon after the Filing Date, the Debtor spent much of the early administration of this case stabilizing its operations and addressing critical bankruptcy case needs. To this end, the Debtor, through its counsel, negotiated for the use of cash collateral and obtained DIP financing from its surety, Zurich American Insurance Company ("the "DIP Lender"). Moreover, the Debtor obtained stay relief in order to fully proceed with the prosecution of certain affirmative

claims (in arbitration and mediation)[1]. Additionally, the Debtor rejected its main premises lease, in continuing the wind down of its affairs.

16. During the case and continuing to date, the Debtor has been and is exploring additional financing from its other surety (Chubb) and other sources, with a goal of providing the Debtor with appropriate capital to complete its last construction job and litigation claim support to obtain maximum recoveries relating to the Affirmative Claims.

17. Most significantly, with respect to the Affirmative Claims, the arbitration case against Enexio concluded, and an award (the "Arbitration Award") in favor of the Debtor was issued by the arbitration panel on April 24, 2019, in the total amount of $9,590,433.15, plus certain applicable interest and costs. The Enexio award funds were indeed received by the Debtor, on or about June 18, 2019, in the total sum of $10,902,434.21. As set forth in prior pleadings and proceedings held herein, the receipt of the Arbitration Award would provide and has provided the Debtor with much needed additional financial support for continued operations, and allowed for partial payment of certain secured claims and other debts. Over time, the Debtor has substantially reduced its operational costs and expenses, and continues to do so as warranted and appropriate. To this end, the Debtor and its secured creditors negotiated the Debtor's continued use of cash collateral presently through February 15, 2020. The parties are actively engaged in discussions for a further extension of the use of cash collateral.

---

[1] Originally, the Debtor's affirmative claims (the "Affirmative Claims") sought damages in the aggregate sum of $122.2 million owed to the Debtor by (a) Enexio US, LLC ("Enexio"), (b) PSEG Fossil, LLC ("PSEG"), and (c) New York City Department of Environmental Protection ("NYC-DEP"). As more fully set forth herein, an arbitration award against Enexio was obtained by the Debtor, and such award in excess of $10.9 million was paid by Enexio and received by the Debtor's estate. The additional affirmative claim of the Debtor against I.K. Construction Inc., which seeks money damages in excess of $1.3 million, is also being pursued by the Debtor via an adversary proceeding, and as such, this claim is now included within the aggregate of the remaining Affirmative Claims. The remaining Affirmative Claims seek damages in the aggregate sum in excess of $110 million.

18. Prior to the Disclosure Statement hearing, the Debtor, through counsel, had actively negotiated revisions to the Plan and Disclosure Statement on a consensual basis, with the banks, the IRS and Zurich, respectively. Additionally, the Debtor had also incorporated revised plan and disclosure statement language based upon the comments received from the Office of the U.S. Trustee. Subsequent to the Court's denial of the Debtor's motion seeking approval of the Disclosure Statement, the Debtor has been in the process of making necessary revisions to the Plan and Disclosure Statement, and having continued discussions with certain secured and priority creditors regarding further revisions in order to achieve approval of the Disclosure Statement, and ultimately, the confirmation of the Plan.

19. The Debtor, with the consent of the Debtor's DIP Lender and the secured creditors, desires an additional extension of the exclusive plan period to solicit and obtain acceptances of the Plan. With consensual revisions being adopted by the Debtor and incorporated into the Plan, and the Debtor continuing with the process of making further necessary revisions, the Debtor, indeed, has made substantial progress concerning the Plan and the ultimate anticipated approval thereof in this case.

20. With respect to the litigation against PSEG, the case is presently in active litigation. Recently, the parties were engaged in pre-answer motion practice in connection with PSEG's motion to dismiss and the opposition thereto, and have submitted briefs in connection therewith.

21. Lastly, with respect to the Debtor's NYC-DEP project, punch-list items are being performed by the Debtor, and the Debtor is nearing the completion of this job. As for the Debtor's potential claim against NYC-DEP, the Debtor continues with its Rule 2004 discovery with the City of New York.

22. The Debtor anticipates remaining current with post-petition expenses, including quarterly fees due to the United State Trustee, during the administration of the case.

23. The litigation of the remaining Affirmative Claims forms the crux of the Debtor's Plan. Therefore, at this time, based upon the foregoing, the Debtor prefers and requests this additional period of time to allow the Debtor to continue to make progress in this case, including with respect to consensual revisions to the Plan based upon input from the secured and priority creditors whenever possible, in order to place itself in the best possible position to seek and obtain creditor and Court approval thereof. As stated above, the Debtor's DIP Lender and secured creditors have consented to this extension of time. Thus, it is in the best interests of the Debtor's estate and its creditors to extend the exclusive Plan period for the solicitation of acceptances as requested herein.

24. As indicated above, the deadline to file proofs of claim against the Debtor's estate (the "Bar Date") was April 15, 2019. The Debtor and its counsel have preliminarily reviewed filed claims in this case.

## RELIEF REQUESTED AND BASIS THEREFOR

25. Based upon the foregoing, the Debtor wishes to preserve its exclusive opportunity to solicit and obtain acceptances for such Plan, for 91 days, as set forth herein.

26. Under Bankruptcy Code § 1121(b), a Chapter 11 debtor is granted the exclusive right to file a plan of reorganization for the first 120 days after entry of the order for relief under Chapter 11. 11 U.S.C. § 1121(b). Meanwhile, under Bankruptcy Code § 1121(c)(3), a Chapter 11 debtor is granted the exclusive right to solicit acceptances of a proposed plan of reorganization for the first 180 days after entry of the order for relief under Chapter 11. 11 U.S.C. § 1121(c)(3).

27. Here, the Debtor seeks an extension of the exclusive period within which the Debtor may solicit and obtain acceptances to a plan (the Exclusive Solicitation Period), under Bankruptcy Code § 1121(c)(3), for an additional 91 days, from February 10, 2020 through and including May 11, 2020.

28. This is the Debtor's sixth request (the prior requests were for short periods), which now solely seeks an extension of the Exclusive Solicitation Period. Indeed, the Debtor filed its Plan which had and has the support of the DIP Lender and secured creditors, and now continues to make progress with necessary revisions to the Plan. This course of action implemented by the Debtor has resulted in an efficient and prudent administration of this case. Invariably, the Debtor has sought and achieved cooperative outcomes with its DIP Lender and secured creditors. The Debtor and interested parties are making substantial and significant progress in this case, and anticipate being in position to move forward with the hearing seeking approval of the Disclosure Statement in the near future. The Debtor has been paying its debts as they come due during the post-petition period, and has timely filed its monthly operating reports. The Debtor is also current with payments of quarterly fees to the United States Trustee. The Debtor believes that it will continue to make meaningful progress in this case concerning the wind down of its business and litigation of the remaining Affirmative Claims, the latter of which form the foundation of the Plan. The case has been pending for 14 months, and the additional time requested is critically necessary to permit the Debtor to complete and continue with the above-mentioned tasks in an orderly and prudent manner.

29. Pursuant to Bankruptcy Code § 1121(d), a Chapter 11 debtor is permitted to seek an extension of the Exclusive Period(s) for "cause". 11 U.S.C. § 1121(d) (outlining certain limitations on extensions of Exclusive Periods which limitations are not applicable to the relief

sought herein). "Cause" under section 1121(d) is not defined and it is generally understood that the Exclusive Periods are not intended to be set in stone; rather, Congress intended that the Exclusive Periods be of adequate length, given the circumstances, for a Chapter 11 debtor to formulate, negotiate, draft, file, and solicit acceptances of a consensual plan. See In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409 (E.D.N.Y. 1989) ("The 'cause' standard referred to in Section 1121 has been referred to as a general standard that allows the Bankruptcy Court maximum flexibility to suit various types of reorganization proceedings." (quotation and citation omitted)); In re Amko Plastics, Inc., 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996) (noting that Congress intended courts to have flexibility in dealing with extensions of exclusivity (citations omitted)).

30. With flexibility in mind, "[t]he determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity." In re Borders Grp., Inc., 460 B.R. 818, 821–22 (Bankr. S.D.N.Y. 2011) ((citations omitted); see Gibson & Cushman Dredging, 101 B.R. at 407 ("Section 1121 grants the Bankruptcy Court discretion, upon the request of a party in interest and a finding of 'cause,' to reduce or increase the debtor's period of exclusivity." (citing 11 U.S.C. § 1121(d)).

31. In making this determination, the Court should consider the following factors:

(a) the size and complexity of the case; (b) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information; (c) the existence of good faith progress toward reorganization; (d) the fact that the debtor is paying its bills as they become due; (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (f) whether the debtor has made progress in negotiations with its creditors; (g) the amount of time which has elapsed in the case; (h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and (i) whether an unresolved contingency exists.

Id. at 822 (citation omitted). Here, to the extent applicable, these factors support extending the Exclusive Solicitation Period in order to allow the Debtor additional time to make revisions to and finalize its Plan, seek and obtain approval of the Disclosure Statement, and to then proceed with the solicitation of acceptances of the Plan.

32. Although this case is not overly complex, the Debtor requests this additional period of time to further implement its cooperative and efficient administration of this case. The Debtor has made substantial progress to date, and is now making what it anticipates to be final necessary revisions to its Plan to be in position to seek Court and creditor approval thereof, which will provide for the continued prosecution of its remaining Affirmative Claims for the benefit of the estate and creditors. The Debtor, with the consent of the DIP Lender and secured creditors, seeks the requested extension of time of the Plan Exclusive Solicitation Period.

33. Overall, the facts and circumstances of this case present sufficient cause for extending the Exclusive Solicitation Period pursuant to Bankruptcy Code § 1121(d). Accordingly, the Debtor respectfully requests that this Court extend the Debtor's time to solicit acceptances of its Chapter 11 Plan for 91 days as set forth herein.

## NOTICE AND NO PRIOR REQUEST

34. Notice of this Motion is being provided to: (a) the Office of the United States Trustee; (b) all creditors, including taxing authorities; and (c) all parties who have filed a notice of appearance in this case. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice need be provided. Except as set forth above regarding the previous extensions, no previous request for the precise relief sought herein has been made to this or any other court.

**WHEREFORE,** the Debtor respectfully requests entry of an Order extending the Exclusive Solicitation Period, under Bankruptcy Code § 1121(c)(3), for an additional 91 days, from February 10, 2020 through and including May 11, 2020; and granting such other, further, and different relief as this Court deems just and proper.

Dated: February 6, 2020
      Wantagh, New York      **LaMonica Herbst & Maniscalco, LLP**
                                      Attorneys for the Debtor

                              By:    */s/ Adam P. Wofse*
                                      Adam P. Wofse, Esq.
                                      A Partner of the Firm
                                      3305 Jerusalem Avenue, Suite 201
                                      Wantagh, New York 11793
                                      (516) 826-6500

M:\Documents\Company\Cases\Durr Mechanical Construction, Inc\Motion extend exclusivity\6th Mo Ext Exclusivity\NOH & motion ext solicitation exclusivity.doc